MARY H. OSTERTAG

*v.*

DANIEL EVANS *et al.*

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

ASSIGNMENTS—*rights of prior assignee will be protected in equity.* One who takes an assignment of his debtor's interest in certain land as collateral security for an antecedent debt, with full notice that the debtor had previously assigned his rights therein to another party, and had directed his only evidence of title, a declaration of trust, to be turned over to the latter, has no standing in equity, upon purchasing the collateral, to have title to such interest confirmed in him as against the prior assignee.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM HARTZELL, Judge, presiding.

FRED B. MERRILLS, and ROBERT A. MOONEYHAM, for appellant.

JOHN BOYLE, and J. W. BARTHOLOMEW, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellant for a decree establishing title in her to an undivided one-third interest in a number of city lots in East St. Louis, the legal title to which rested in the appellee Evans.

Her case was, that Evans held title for himself, one John Boyle, Jr., and one French R. Sessions in equal one-third parts, and that she became the owner of the interest of Sessions. The defense was that Sessions disposed of his interest to Evans, and that he thereby became the owner thereof. Both had purchased from Sessions, and which obtained his interest was the sole question. Evans, who held the legal title, had executed in writing and delivered to Sessions a declaration evidencing that he held the title to one-third of said lots in trust for Sessions. This declaration of trust Sessions assigned and delivered to John Boyle, Sr., to secure the performance on his part of certain agreements and obligations which he entered into with Evans and Boyle, Jr., in order to induce them to convey to him (Sessions) certain of the lots, 1010 feet in frontage. Afterwards Sessions assigned and sold to one J. W. Bartholomew his entire interest in the property, and Bartholomew assigned and sold the same to Evans, to whom Sessions executed and delivered a written order directing Boyle, Sr., to deliver to Evans the declaration of trust which Evans had issued in order to evidence the rights of Sessions in the premises. The declaration of trust was delivered to Evans on presentation of the order. When said 1010 feet of the said lots was allotted to Sessions a written agreement was entered into between Sessions, Evans and Boyle, Jr., (a copy of which was held by each of them,) showing the contract of the parties and the obligations assumed by Sessions to the parties to make certain payments, and reciting that the declaration of trust which Evans had signed, and which constituted the sole evidence of the right and interest of Sessions in the property, should be assigned by Sessions to Boyle, Sr., to hold as security for the performance by Sessions of his undertakings set forth in the agreement.

After Sessions had entered into the contract with Bartholomew to sell and assign all interest in the lots to the latter, in order to secure the payment of a demand

due from him to appellant, Sessions executed an instrument in writing which he attached to the agreement which had been entered into relative to the allotment of 1010 feet of the property to him, assigning and transferring to one Collins "all my right, title and interest in and to the property mentioned and described in the attached contract," subject, however, to the contract before that time entered into between said Sessions and said Bartholomew, a copy of which was also attached. Collins, as attorney for the appellant, held a claim in her favor against Sessions for collection and took the assignment for collateral security. Sessions failed to pay and Collins offered the collateral for sale. Appellant became the purchaser, and she asserted she thereby received better right than that possessed by Evans. The chancellor held adversely to her, and our investigation has convinced us the holding is correct. Sessions' assignment to Bartholomew, upon which Evans relies, was prior in point of time to that to Collins, upon which appellant relies. The assignment to Collins was with full notice of the prior assignment to Bartholomew. The contract which Collins accepted as evidence of Sessions' right and interest set forth fully the obligation thereby imposed upon Sessions, and the agreement of Sessions to deposit with Boyle, Sr., the declaration of trust, which constituted, as the contract clearly shows, the only evidence of his right and title, as security for the performance of the conditions of his contract. Sessions did not fulfill his contract, and the burden of doing so fell upon Evans. He bore the burden, and his equities are not only prior in point of time, but are superior in point of equity to those of appellant, who paid nothing, having taken the assignment from Sessions as mere collateral, to secure the payment of an antecedent debt.

The decree is correct and is affirmed.

*Decree affirmed.*